United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 03-60761

———————————————

CHRISTINA BELL GRAY, The Estate
of Clarence Leon Bell By and Through Its
Administratrix Christina Bell Gray;
MILTON BELL, Individually and as the Wrongful
Death Heirs of Clarence Leon Bell, Deceased;
CHARLES C. BELL, Individually and as the Wrongful
Death Heirs of Clarence Leon Bell, Deceased;
GARMILLIA ANN BELL, Individually and as the Wrongful
Death Heirs of Clarence Leon Bell, Deceased,

                                    Plaintiffs-Appellants,
                        versus

TUNICA COUNTY, MISSISSIPPI; LEMUEL GLEN WELLINGTON,
Individually and in His Official Capacity as Jailor of
Tunica County, Mississippi,

                                    Defendants-Appellees.

---

Appeal from United States District Court
for the Northern District of Mississippi
USDC No. 2:02-cv-20

---

Before BARKSDALE, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM:[*]

The heirs of Clarence Leon Bell filed this appeal from the district court's grant of summary judgment on the issue of qualified immunity. The only issue raised by appellants is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the district court erred when it concluded that defendant Wellington was entitled to qualified immunity in his individual capacity. Specifically, the issue before us is to determine whether, in light of the facts as viewed in the light most favorable to the plaintiffs, the conduct of the individual defendant was objectively unreasonable when applied against the deliberate indifference standard. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000).

Appellants have alleged that Wellington failed to protect decedent from suicide, thereby alleging a violation of decedent's clearly established constitutional right. *See id*. at 393; *Hare v. City of Corinth*, 135 F.3d 320, 329 (5th Cir. 1998)("[I]t should be noted that our holding does not insulate all public officials from liability for suicides by pretrial detainees."). However, appellants have failed to demonstrate that Wellington's conduct was objectively unreasonable such that it reached the level of deliberate indifference. *See Jacobs*, 228 F.3d at 394. To the contrary, Wellington removed Bell's shoes and socks, placed him in a padded lunacy cell and instituted a suicide watch.

Appellants argue that Wellington exhibited deliberate indifference when he observed Bell unclothed and in a "frog-like" position, yet failed to enter the cell to check on Bell's status. But the records reveal that Wellington was concerned enough to

2

get the nurse to also observe Bell. Both Wellington and the nurse concluded that Bell was sleeping and that they should not enter the cell. This turned out to be a wrong conclusion. Whether checking on Bell earlier would have saved his life is not clear. This was an unfortunate situation. Appellants may have established negligence, but the facts do not demonstrate that Wellington's conduct was such as to deprive him of qualified immunity under the test set forth above. *See Jacobs*, 228 F.3d at 395 ("[A]n officer's acts must constitute at least more than a mere 'oversight.'")(citation omitted); *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996)(en banc)(holding that negligent inaction by a jail officer does not violate due process). It should be noted that prior to Bell, no inmate had ever committed suicide in the Tunica County Jail. Accordingly, the district court's judgment is AFFIRMED.